UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-96-GFVT

PAUL S. WELLS,                                                                                      PLAINTIFF,

V.          **MAGISTRATE JUDGE'S REPORT
                 AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                                       DEFENDANT.

## I.  INTRODUCTION

Plaintiff, Paul S. Wells, brings this action under 42 U.S.C. § 405(g) to challenge the Defendant Commissioner's final decision denying Plaintiff's application for a period of disability, disability insurance benefits (DIB) and supplemental security income (SSI).  This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). [R. 12]. Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it is recommended that the Plaintiff's Motion for Summary Judgment [R. 10] be denied, the Defendant's Motion for Summary Judgment [R. 11] be granted, and that Judgment be entered affirming the final decision of the Commissioner.

## II.  FACTUAL BACKGROUND & PROCEDURAL HISTORY

The Plaintiff was born in 1953 and was 54 years old on the date of the Administrative Law Judge's decision. [Tr. 10, 86]. The Plaintiff completed high school and reports no specialized job training. [Tr. 147]. The Plaintiff is separated, and has no minor children. [Tr. 29-30, 87]. He lists his

employment experience as follows: a shuttle operator in a coal mine from 1976-1982, and again from 1991 to 1992 [Tr. 159-60, 162]; a security guard from 1983-1991 [Tr. 159, 161]; a self-employed pawn broker from 1992 to approximately 2002 [Tr. 27-29, 159]; and as a laborer at a sawmill from 2001 until 2004. [Tr. 159, 161].

In his Disability Report, Form SSA-3368, the Plaintiff claimed his work ability was limited due to a back injury, which allegedly caused him constant pain and numbness. [Tr. 143]. Subsequently, the Plaintiff also claimed limitations as a result of mental impairments. [See Tr. 24]. As a result of his impairments, the Plaintiff protectively filed for a period of disability, DIB and SSI on April 11, 2006. [Tr. 86-120]. His claims were denied initially [Tr. 50, 55-58], and on reconsideration. [Tr. 51, 61-63]. After denial of his claims, he requested a hearing in front of an Administrative Law Judge (ALJ). On October 30, 2007, a hearing was held in front of ALJ Timothy Keller in Hazard, Kentucky. [Tr. 21-39]. The Plaintiff testified at the hearing, and was represented by counsel, Monica Smith. [Tr. 10, 21].

The ALJ ruled against the Plaintiff in an opinion dated December 12, 2007. [Tr. 10-20]. The ALJ found that the Plaintiff suffered from the following severe impairment: "degenerative disc disease of the spine (20 C.F.R. 416.920(c)." [Tr. 12]. Despite this condition, the ALJ found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." [Tr. 12]. Continuing with his evaluation, the ALJ found that the Plaintiff retained the residual functional capacity to perform a range of light work, with limitations. [Tr. 13]. The ALJ then held that the Plaintiff was capable of returning to his past relevant work as a pawn broker, and thus, was not under a "disability" as defined by the Social Security Act. [Tr. 19-20]. Following the adverse decision of

the ALJ, the Plaintiff properly exhausted his administrative remedies by appealing to the Social Security Appeals Council, which denied his request for review. [Tr. 2-4].

On March 19, 2008, the Plaintiff initiated the present action by filing a Complaint in the United States District Court for the Eastern District of Kentucky. [R. 2]. The parties subsequently filed cross-motions for summary judgment. [R. 10, 11]. This matter was then referred to the undersigned for preparation of a report and recommendation. [R. 12]. The parties having fully briefed the issues, this matter is ripe for adjudication.

### III . STANDARD OF REVIEW

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence. 42 U.S.C. § 405(g)(2006); see also Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004) (internal quotations and citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993).

The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec. Admin., 402 F.3d 591, 595 (6th Cir. 2005) (internal quotations and citations omitted). Sixth Circuit precedent suggests that a finding of "no substantial evidence" would be appropriate in situations where the ALJ

3

ignores uncontested, compelling evidence for one side, makes no express findings on witness credibility and makes a ruling based on facts with "little if any evidentiary value." Noe v. Weinberger, 512 F.2d 588 (6th Cir. 1975); see also, Glass v. Sec'y of Health, Educ. & Welfare, 517 F.2d 224 (6th Cir. 1975). Otherwise, if there is substantial evidence to support the ALJ's decision, "it must be affirmed even if the reviewing court would decide the matter differently." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994).

## IV. ANALYSIS

In his Motion for Summary Judgment [R. 10], the Plaintiff claims that the ALJ's opinion should be reversed for two reasons: first, the ALJ "erred in failing to provide specific rationale for rejecting [the Plaintiff's] testimony as provided by SSR 96-7p" [Id., Memo. at 3]; and second, "the ALJ failed to address the claimant's documented depression in posing his question to the [vocational expert]." [Id., Memo. at 5]. The Plaintiff's arguments will be addressed in turn.

### A. **ALJ's Credibility Determination is Supported by Substantial Evidence**

The ALJ made the following finding regarding the Plaintiff's credibility:

> After considering the medical evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

[Tr. 14]. The regulations set forth a detailed list of factors that must be taken into account when making a credibility decision. See 20 C.F.R. § 404.1529(c)(1)-(3). An ALJ may not satisfy the requirements of the regulations by simply reciting these factors, but rather, he must state "specific reasons for the finding on credibility, supported by the evidence in the case record, [which] must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the

adjudicator gave to the individual's statement and the reasons for that weight." SSR 96-7p, "Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements."(July 2, 1996).

It is clearly established that a reviewing court is to accord the ALJ's credibility determinations "great weight and deference, particularly since an ALJ is charged with the duty of observing the witness's demeanor and credibility." Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 476 (6th Cir. 2003). The ALJ's credibility determination is particularly important in any case involving a "determination of disability based on pain [because such a case] by necessity depends largely on the credibility of the claimant." Villarreal v. Sec'y of Health and Human Servs., 818 F.2d 461, 463 (6th Cir. 1987) (internal quotation and citation omitted). Even though it is entitled to great deference, an ALJ's assessment of credibility must be supported by substantial evidence. See Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383, 386-87 (6th Cir. 1978).

The Plaintiff argues herein that the ALJ "erred in failing to provide specific rationale for rejecting [the Plaintiff's] testimony as provided by SSR 96-7p" [R. 10, Memo. at 3]. The undersigned finds that this contention is refuted upon examining the ALJ's opinion. Specifically, the Court finds that the ALJ complied with the requirements of SSR 96-7p, and that his credibility finding is supported by substantial evidence; he correctly identified the factors to be analyzed, and set forth his rationale in a clear and specific fashion. [Tr. 13-19]. The factors specifically enunciated by the ALJ were:

    1.    The claimant's daily activities;
    2.    The location, duration, frequency, and intensity of the claimant's pain or other symptoms;
    3.    Factors that precipitate and aggravate the symptoms;
    4.    The type, dosage, effectiveness, and side effects of any medication the

              claimant takes or has taken to alleviate pain or other symptoms;
5.       Treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms;
6.       Any measures other than treatment the claimant uses or has used to relieve pain or other symptoms (e.g. lying flat on his or her back, standing up for 15 to 20 minutes every hour, or sleeping on a board); and
7.       Any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

[Tr. 13-14 *citing* SSR 96-7p; 20 C.F.R. § 404.1529(c)(3)]. The ALJ's opinion specifically addresses these factors by examining the evidence of record, including medical evidence and the testimony of the Plaintiff. For example, the ALJ cited the medical record extensively, and noted that medical treatment had been "very conservative," and that the claimant's description of having "very restricted activities of daily living....[were] inconsistent with the medical findings and treatment." [Tr. 18].

Despite the Plaintiff's contention to the contrary, the ALJ's credibility assessment does not represent the sort of unsubstantiated, conclusory findings that are forbidden by the regulations. See SSR 96-7p. Rather, these findings represent the ALJ's detailed analysis of the evidence, and his ultimate determination regarding the credibility of the Plaintiff's testimony. Such detailed, reasonable explanations should not be second-guessed by this Court on review. See Sadler v. Comm'r of Soc. Sec., 1999 WL 137621 at *3 (6th Cir. 1999).

A reviewing court should "decline to give substantial deference to [an] ALJ's unexplained credibility finding." Harris v. Heckler, 756 F.2d 431, 436 (6th Cir. 1985). Otherwise, the credibility finding of an ALJ should rarely be disturbed. See Kirk v. Sec'y of Health & Human Servs., 667 F.2d 254 (6th Cir. 1981).The ALJ's finding in this case is supported by substantial evidence. It is not conclusory, nor is it based upon an arbitrary "sit and squirm" test that places undue emphasis on totally subjective criteria. See Aubeuf v. Schweiker, 649 F.2d 107 (2d Cir. 1981). The ALJ supported

his credibility finding with accurate citations to the medical record and to the factors enunciated in 20 CFR § 404.1529 and SSR 96-7p. This Court must, therefore, accord the credibility finding the high level of deference to which it is normally entitled.

> **B.     ALJ Did Not Err By Failing to Address Depression in Hypothetical to Vocational Expert**

The Plaintiff's second argument is that the ALJ committed error when he "failed to address the claimant's documented depression in posing his question to the [vocational expert]." [R. 10, Memo. at 5]. The Plaintiff claims that the failure to include this limitation necessitates remand, as the ALJ's decision that the Plaintiff can return to his past relevant work is not supported by substantial evidence. [Id.]. The Commissioner argues that the ALJ was not required to include the Plaintiff's depression, "[a]s Plaintiff only had a mild degree of limitation in all areas of functioning, [and] the ALJ properly found no mental limitations." [R. 11 at 14].

"Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only if the question accurately portray's plaintiff's individual physical and mental impairments." Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987) (internal citations and punctuation omitted). A claimant's impairments "may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." Griffeth v. Comm'r of Soc. Sec., 217 Fed. Appx. 425, 429 (6th Cir. 2007) (internal citation omitted). In questioning a vocational expert regarding a claimant's impairment, the ALJ is not required to include a listing of all the claimant's medical conditions, Webb v. Comm'r of Soc. Sec., 368 F.3d 629, 633 (6th Cir. 2004), nor is the ALJ required to include conditions that he finds to be inconsistent with the record as a whole. Foster v. Halter, 279 F.3d 348, 356 (6th Cir. 2001).

The ALJ is only required to incorporate those limitations which he finds to be credible. Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1235 (6th Cir. 1993).

In the present case, the ALJ found that the Plaintiff's depression "has caused no more than a mild impact upon his ability to function and therefore is not a severe impairment." [Tr. 12]. The ALJ did not incorporate any mental limitations into his hypothetical questions to the vocational expert.[1] The ALJ's decision not to include any mental limitations is supported by substantial evidence. Though the Plaintiff claims that mental limitations should be included, the Plaintiff has failed to cite anything in the record which would indicate that the Plaintiff suffers from any work-related limitations caused by his depression, and how these limitations would affect his ability to return to his past relevant work. See Mitchell v. Astrue, 256 Fed. Appx. 770, 772 (6th Cir. 2007); see also, Griffeth v. Comm'r of Soc. Sec., 217 Fed. Appx. 425, 429 (6th Cir. 2007). Furthermore, as noted *supra*, the ALJ did not find the Plaintiff's testimony regarding his limitations to be entirely credible. See Myatt v. Comm'r of Soc. Sec., 251 Fed. Appx. 332, 336 (6th Cir. 2007).

Indeed, it is not apparent from the Plaintiff's argument what limitations he believes should have been included in the hypothetical question. Even assuming, *arguendo*, that there is some evidence in the record which "could have supported the use of a modified hypothetical question," the decision of the ALJ is supported by substantial evidence, and should not be disturbed merely because substantial evidence may exist to reach a different conclusion. Mitchell, 256 Fed. Appx. at 773.

---

[1] Plaintiff's counsel at the ALJ hearing also did not question the vocational expert on the possible effect of any mental limitations. [Tr. 37-38].

8

## V. CONCLUSION

For the foregoing reasons, it is recommended that the Plaintiff's Motion for Summary Judgment [R. 10] be DENIED, the Defendant Commissioner's Motion for Summary Judgment [R. 11] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed March 26, 2009.

Signed By:
*Edward B. Atkins*  *EBA*
**United States Magistrate Judge**